UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:22-cv-00033-P  CLASS ACTION |
| Plaintiff, | § § | |
| vs. | § § | |
| FIRSTCASH HOLDINGS, INC., et al., | § § § | |
| Defendants. | § § § | |

**JOINT MOTION TO SET CERTAIN CASE DEADLINES AND OTHERWISE STAY THE COURT'S FEBRUARY 15 AND MARCH 17, 2022 ORDERS**

4886-2171-7272.v1

Lead Plaintiff Wayne County Employees' Retirement System and defendants FirstCash Holdings, Inc. ("FirstCash" or the "Company"), Rick L. Wessel and R. Douglas Orr (collectively "Defendants") (together, the "Parties") respectfully submit this Joint Motion to Set Certain Case Deadlines and Otherwise Stay the Court's February 15 and March 17, 2022 Orders and, in support thereof, state as follows:

1.    On January 14, 2022, Genesee County Employees' Retirement System ("Genesee") filed a putative class action complaint in the above-captioned action (the "Action") against Defendants alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  ECF No. 1.

2.    On February 11, 2022, Genesee and Defendants filed a Stipulation Extending Time for Defendants to Answer, Move, or Otherwise Respond to Complaint in Case Subject to the Private Securities Litigation Reform Act ("Stipulation Extending Time").  ECF No. 6.

3.    On February 15, 2022, the Court entered an Order granting the Stipulation Extending Time, providing that Defendants shall not be required to answer, move, or otherwise respond.  ECF No. 8.  The Court further ordered the Parties to confer in good faith and in person within ten days of the entry of an Order by the Court appointing lead plaintiff and lead counsel (the "Conference"), resulting in a submission of a Report Regarding Contents of Scheduling Order and a proposed schedule for the filing of an amended answer and response, seven days after the Conference.  *Id.*

4.    On March 15, 2022, Wayne County Employees' Retirement System moved for appointment of lead plaintiff and for approval of its selection of lead counsel.  ECF No. 23.

5.    On March 17, 2022, the Court entered an Order appointing Wayne County Employees' Retirement System as Lead Plaintiff and approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Labaton Sucharow LLP ("Labaton") as Lead Counsel

- 1 -

and its selection of Kendall Law Group, PLLC as Local Counsel. ECF No. 26. The Court further ordered the Parties to meet and confer in a face-to-face, in-person conference in compliance with the Court's February 15, 2022 Order no later than March 28, 2022 and to submit a Joint Report in compliance with the Court's Order no later than April 4, 2022.

6.  Pursuant to the February 15 and March 17, 2022 Orders, the Parties have met and conferred in person. Lead Counsel for both Lead Plaintiff and Defendants met at Alston & Bird LLP's office in Los Angeles, California on March 24, 2022. The following individuals attended the Conference either in person or via teleconference:

(a)  For Lead Plaintiff: Matthew I. Alpert and Heather G. Schlesier from Robbins Geller; Guillaume Buell and Francis P. McConville from Labaton; and Joe Kendall from Kendall Law Group; and

(b)  For Defendants: Charles W. Cox and Laura B. Hunt from Alston & Bird.

7.  The Parties discussed the possibility of settlement but no result was reached. The Parties agreed to continue exploring the possibility of settlement in good faith as the case progresses.

8.  Lead Plaintiff alleges Defendants violated §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, by issuing false and misleading statements concerning FirstCash's financial results and its regulatory compliance from February 1, 2018 through and including November 12, 2021 (the "Class Period").

9.  Defendants deny the claims and allegations and intend to file a motion to dismiss the complaint.

10.  The Parties do not consent to a trial before United States Magistrate Judges Cureton or Ray.

11.  At this time the Parties do not require a conference with the Court. Should a conference become necessary, the Parties will alert the Court.

- 2 -

4886-2171-7272.v1

12.     Subject to this Court's approval, the Parties hereby stipulate to the following:

(a)     This Action will be captioned *In re FirstCash Holdings Inc. Securities Litigation*, No. 4:22-cv-00033-P;

(b)     Lead Plaintiff shall file and serve an amended complaint (the "Amended Complaint") within 30 days of the entry of this Order, which will be the operative complaint in this Action;

(c)     Defendants shall answer, move to dismiss, or otherwise respond to the Amended Complaint on or before 35 days after the filing of the Amended Complaint;

(d)     If Defendants move to dismiss the Amended Complaint, Lead Plaintiff shall file and serve any opposition to such motion on or before 35 days after the filing of Defendants' motion to dismiss; and

(e)     Defendants shall file and serve their reply to any such opposition on or before 15 days after the filing of Lead Plaintiff's opposition.

13.     Defendants have indicated that they intend to file a motion to dismiss.

14.     The claims asserted in the Action are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4.  Pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. §78u-4(b)(3)(B).

15.     The Parties respectfully request that, in light of the anticipated motion to dismiss and the mandated stay under the PSLRA, the Court enter the attached Proposed Order and stay the requirements of the February 15 and March 17, 2022 Orders until this Court issues a ruling on the motion to dismiss.

- 3 -

DATED:  April 4, 2022

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)


s/ Joe Kendall
JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
MATTHEW I. ALPERT
HEATHER G. SCHLESIER
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
malpert@rgrdlaw.com
hschlesier@rgrdlaw.com

LABATON SUCHAROW LLP
FRANCIS P. McCONVILLE
GUILLAUME BUELL (TX Bar No. 24080813)
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
fmcconville@labaton.com
gbuell@labaton.com

Lead Counsel for Lead Plaintiff

- 4 -

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD (P42641)
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
mvanoverbeke@vmtlaw.com
tmichaud@vmtlaw.com

Additional Counsel

DATED:  April 4, 2022        ALSTON & BIRD LLP
LAURA B. HUNT (TX Bar No. 24120912)


                    s/ Laura B. Hunt
                LAURA B. HUNT

301 Commerce, Suite 3635
Fort Worth, TX  76102
Telephone: 214/922-3400
214/922-3899 (fax)
laura.hunt@alston.com

ALSTON & BIRD LLP
CHARLES W. COX (*pro hac vice*)
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone: 213/576-1000
213/576-1100 (fax)
charles.cox@alston.com

Counsel for Defendants

- 5 -

4886-2171-7272.v1

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this

matter via the Court's CM/ECF system on this, the 4th day of April, 2022.


s/ Joe Kendall
JOE KENDALL

4886-2171-7272.v1