UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE FIRSTCASH HOLDINGS, INC.          No. 4:22-cv-0033-P
SECURITIES LITIGATION

## DISMISSAL ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim ("Motion") filed by Defendant FirstCash Holdings, Inc. ("FirstCash"). ECF No. 45. The Motion argues, *inter alia*, that the Lead Plaintiff of this putative class action, the Wayne County Employees' Retirement System, failed to meet the pleading standard for securities fraud claims in its Amended Complaint (ECF No. 42). *See id.* The Motion further contends that the Amended Complaint lacks sufficient factual allegations to support the falsity, scienter, or loss causation elements of a securities fraud claim under the Private Securities Litigation Reform Act ("PLSRA") or a claim under Section 20(a) of the Exchange Act. Thus, FirstCash argues, this action should be dismissed.

As of the date of this Order, Lead Plaintiff has failed to file a response to the Motion. Because more than twenty-one days have passed since FirstCash moved to dismiss this action and Lead Plaintiff has not responded the Motion, the Court presumes Lead Plaintiff is not opposed to the Motion. *See* N.D. TEX. CIV. R. 7.1(e); *Brian T. v. Dallas Indep. Sch. Dist.*, No. 3:19-CV-2599-K, 2019 WL 7038361, at *1 (N.D. Tex. Dec. 20, 2019) (Kinkeade, J.). Thus, the Motion may be granted, and the case dismissed.

Further, a review of the Motion, the Amended Complaint, and the applicable law reveals that Lead Plaintiff has failed to plead a plausible claim against FirstCash. Under Federal Rule of Civil Procedure 12(b)(6), the Amended Complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, private claims for securities fraud face heightened scrutiny. Federal Rule of Civil Procedure 9(b) requires that pleadings "state with particularity the circumstances constituting fraud or mistake." *See Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v.*

*Six Flags Ent. Corp.*, 524 F. Supp. 3d 501, 523 (N.D. Tex. 2021) (Pittman, J.). And "[t]he PSLRA has raised the pleading bar even higher and enhances Rule 9(b)'s particularity requirement for pleading fraud in two ways." *Neiman v. Bulmahn*, 854 F.3d 741, 746 (5th Cir. 2017) (quoting *Loc. 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016)); *see also* 15 U.S.C. § 78u–4(b)(1). "First, the plaintiff must specify each statement alleged to have been misleading." *Id.* (quoting *Diodes, Inc.*, 810 F.3d at 956). "Second, for each act or omission alleged to be false or misleading, plaintiffs must state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind." *Id.* (quoting *Diodes, Inc.*, 810 F.3d at 956); *see also* 15 U.S.C. § 78u–4(b)(2)(A). These standards make surviving a Motion to Dismiss difficult.

For the reasons stated in FirstCash's Motion, the Court concludes that the Amended Complaint fails to state a claim under the heightened pleading standards of Rule 9(b) and the PSLRA. Therefore, the Motion is hereby **GRANTED.** Lead Plaintiff's claims against FirstCash in this action should be, and are hereby, **DISMISSED without prejudice**.

**SO ORDERED** on this **12th day** of **July, 2022.**

Mark Pittman
UNITED STATES DISTRICT JUDGE

2